IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-569-BO

| | |
|---|---|
| FILOMENA MARIA CIPRIANI-TOWNS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | O R D E R |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing on the matters was held before the undersigned on January 14, 2021, at which the undersigned presided by videoconference from Elizabeth City, North Carolina. For the reasons that follow, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability and disability insurance benefits pursuant to Title II of the Social Security Act. Plaintiff protectively filed her application for benefits on August 15, 2016, alleging a disability onset date of October 19, 2015. After initial denials, an Administrative Law Judge (ALJ) held a hearing on September 5, 2018, and subsequently found that plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements through December 31, 2020, and that she had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ determined that plaintiff's lumber spine degenerative disc disease, sciatica, lumber spine spondylosis and stenosis, radiculopathy, hypertension, chronic pain syndrome, and obesity were severe impairments, but determined at step three that plaintiff's impairments, either alone or in combination, did not meet or medically equaled a Listing. The ALJ found that plaintiff had the residual functional capacity to perform light work with several exertional and non-exertional limitations. At step four, the ALJ determined that plaintiff could perform her past relevant work as a teller, salesperson, and office clerk, and accordingly determined that plaintiff had not been under a disability from October 19, 2015, through the date of the decision.

Plaintiff first argues that the ALJ erred in conducting the RFC assessment by giving less than controlling weight to plaintiff's treating physician, Dr. Subramanian. The Court agrees.

"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). "'Frequent' means occurring from one-third to two-thirds of the time." SSR 83-10. Light work requires "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *Id*. In the RFC, the ALJ limited plaintiff to standing/walking about four hours and sitting about four hours in the day.

Dr. Subramanian provided an opinion that plaintiff should be limited to no prolonged standing, sitting, or walking and that plaintiff could not lift over ten pounds. Tr. 387. "[A] treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). The ALJ afforded Dr. Subramanian's opinion some weight, finding that it was inconsistent with "the overall medical and other evidence of record, to include claimant's full upper extremity motor strength, as described in the record." Tr. 23.

In discounting Dr. Subramanian's opinion, the ALJ relied on notations of plaintiff having full upper extremity motor strength, but the ALJ's decision does not demonstrate why plaintiff's exhibition full motor strength on clinical exam equates to a finding that she could lift up to ten pounds frequently throughout the day. The ALJ further discounted Dr. Subramanian's finding that plaintiff could not engage in prolonged sitting, standing, or walking, because the term "prolonged" is not a "vocationally relevant term." Dr. Subramanian's statement is not

4

inconsistent with the record, however, which contains numerous citations to plaintiff's lumbar and thoracic spine dysfunction and resulting pain upon sitting, standing, and walking. In sum, the ALJ failed to sufficiently identify persuasive contrary evidence as is required to discount the treating physician's opinion. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

Affording Dr. Subramanian's opinion great, even if not controlling weight, as was required, results in the RFC assessment of light work with multiple additional limitations not being supported. Plaintiff's severe impairments include lumber spine degenerative disc disease, sciatica, lumber spine spondylosis and stenosis, radiculopathy, and chronic pain syndrome. In discounting the limitations imposed by plaintiff's pain, the ALJ ignored those portions of the record which would support a finding of less than light work. For example, the record contains a significant number of references of plaintiff's pain being 7/10 or greater. Plaintiff did report that medication was effective in controlling her pain at times, but she also complained that medication, including Tramadol, was not effective or did not reduce her pain. After "failing conservative management," Tr. 308, plaintiff tried epidural injections for her pain, but those were also noted to have failed. The ALJ relied repeatedly on the record findings of normal motor strength and range of motion, which alone do not demonstrate that plaintiff's pain allegations were unsupported.

In sum, there is not substantial evidence in this record which would support a finding that plaintiff could lift or carry ten pounds up to two thirds of the day or walk or stand up to four hours per day. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly

5

established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The Court in its discretion finds that reopening the record for more evidence would serve no purpose and that reversal and remand for benefits is appropriate. As of her alleged onset date, plaintiff was over fifty-five years old. As the vocational expert testified at the hearing, plaintiff's past relevant work was all classified as light. Because substantial evidence does not support a finding that plaintiff could perform the basic exertional requirements of light work, she is unable to return to her past relevant work. Typically, this would require a remand to allow the ALJ to make a step five determination. However, as was discussed at the hearing, based upon plaintiff's age at the time of her alleged onset date, a finding of disabled is directed under the rules because she could perform only less than light work.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED and defendant's motion for judgment on the pleadings [DE 20]. The decision of the ALJ is REVERSED and the matter is REMANDED for an award of benefits.

SO ORDERED, this 9 day of February, 2021.

6

Case 5:19-cv-00569-BO   Document 25   Filed 02/10/21   Page 6 of 7

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE